IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD and TIMOTHY L. ASHFORD, P.C.L.L.O., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., ALPHABET, INC., ROSES ROSES, GO GAMERS, JOHN DOES, 1-1000, and JANE DOES, 1-1000, <br><br> Defendants. | 8:25CV95 <br><br><br> **MEMORANDUM AND ORDER** |
| TIMOTHY L. ASHFORD and TIMOTHY L. ASHFORD, P.C.L.L.O., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., ALPHABET, INC., ROSES ROSES, GO GAMERS, JOHN DOES, 1-1000, and JANE DOES 1-1000, <br><br> Defendants. | 8:25CV284 <br><br><br> **MEMORANDUM AND ORDER** |

In both of these related cases, plaintiffs Timothy L. Ashford and Timothy L. Ashford, P.C.L.L.O. (together, "Ashford"), ask for "the entire panel of the United States District Court for the District of Nebraska" to be recused (Filing No. 8 in Case No. 8:25CV95, Filing No. 10 in Case No. 8:25CV284). In Ashford's view, recusal is required because "the entire panel has banned [him] from receiving" Criminal Justice Act ("CJA"), *see* 18 U.S.C. § 3006A, "appointments without an explanation, the rulings of panel ha[ve] not been impartial, [he] was the recipient of racial discrimination in the federal

court and the impartiality of the panel might be reasonably questioned." Defendants Google, Inc., and Alphabet, Inc., oppose (Filing No. 24 in Case No. 8:25CV284) Ashford's request. Having reviewed his arguments and supporting material, the Court finds Ashford asserts no credible basis for the recusal of the judges assigned to this matter.

As Ashford aptly sets forth in his brief, "[a] party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020) (quoting *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010)); *see also United States v. Mims*, 122 F.4th 1021, 1033 (8th Cir. 2024) ("A party seeking a judge's recusal bears the substantial burden of proving the judge's lack of impartiality."). That burden is especially high here given that Ashford seeks the recusal of the entire Court. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In applying "an objective standard of reasonableness," the Court asks "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Delorme*, 964 F.3d at 681.

The Fourteenth Amendment's Due Process Clause also requires recusal "when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). In past cases, the Supreme Court has asked "whether, as an objective matter, 'the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.'" *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009)).

Mindful that "[b]ias is easy to attribute to others and difficult to discern in oneself," *id.* at 8, the Court finds neither § 455 nor the Due Process Clause require recusal here. First, Ashford alleges a conflict exists with "[a]ll federal judges in Nebraska" because a

2

former judge of this Court and the former Federal Public Defender purportedly "banned" him from receiving CJA appointments in 2016. He claims that decision constitutes discrimination based on his race and the race of the clients he represents. Ashford provides nearly identical affidavits from himself and a "reasonable citizen" (Filing No. 10-3) stating a judge outside this Court should be appointed to his cases because "the judges in Nebraska are on the same judicial panel which removed and banned" Ashford from receiving CJA appointments.

But neither the district judge nor the magistrate judge presently assigned to the above-captioned cases were involved in those decisions. Nor were they even judges on this Court at the time it made the decision to remove Ashford from the panel of CJA attorneys. The affiants' assertions to the contrary are patently false. The mere fact that Ashford has not yet been reinstated as a member of the CJA panel fails to establish a conflict requiring the recusal of the entire Court.

Ashford also makes out a number of other complaints with the actions of various federal and state-court judges. With respect to judges of this Court, he complains of the decisions of two district judges and one magistrate judge in unrelated criminal cases. He also details his frustrations over the actions of a judge of the Douglas County Court in Omaha, Nebraska. Again, none of those judges are assigned to this case. Nor do they have any relation to the facts underlying Ashford's present claims.

Based on the above, Ashford has failed to demonstrate how an average person would reasonably question the impartiality of the judges assigned to these cases. There is simply nothing about the facts of this case or this judge's prior professional dealings with Ashford that could call into question the Court's impartiality. *See*, *e.g.*, 28 U.S.C. § 455(b) (setting forth several circumstances in which a judge must recuse themselves based on a conflict or bias). His Motions for Recusal (Filing No. 8 in Case No. 8:25CV95, Filing No. 10 in Case No. 8:25CV284) are therefore denied.

IT IS SO ORDERED.

Dated this 20th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge