IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD and TIMOTHY L. ASHFORD, P.C.L.L.O., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., ALPHABET, INC., ROSES ROSES, GO GAMERS, JOHN DOES, 1-1000, and JANE DOES, 1-1000, <br><br> Defendants. | **8:25CV95** <br><br><br> **MEMORANDUM AND ORDER** |
| TIMOTHY L. ASHFORD and TIMOTHY L. ASHFORD, P.C.L.L.O., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., ALPHABET, INC., ROSES ROSES, GO GAMERS, JOHN DOES 1-1000, and JANE DOES 1-1000, <br><br> Defendants. | **8:25CV284** <br><br><br> **MEMORANDUM AND ORDER** |

These cases are before the Court on plaintiffs Timothy L. Ashford and Timothy L. Ashford, P.C.L.L.O.'s (together, "Ashford") objections (Filing Nos. 19, 20 in Case No. 8:25CV95) to the magistrate judge's[1] Findings, Recommendation and Order (Filing No. 18 in Case No. 8:25CV95, Filing No. 33 in Case No. 8:25CV284). *See* 28 U.S.C. § 636(b)(1) (permitting a party to object to a magistrate judge's pretrial ruling or

---

[1]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

recommendation within fourteen days); *accord* Fed. R. Civ. P. 72; NECivR 72.2(a). Also before the Court are Ashford's "Motion to Dismiss Duplicate Case 8:25CV284" (Filing No. 14 in Case No. 8:25CV95, Filing No. 23 in Case No. 8:25CV284), "Amended Motion to Amend the Complaint" (Filing No. 21 in Case No. 8:25CV95), and "Motion for Remand" (Filing No. 22 in Case No. 8:25CV95).

Ashford sued defendants Google, Inc. ("Google"), Alphabet, Inc. ("Alphabet"), Roses Roses—also known as Rose Thompson ("Thompson")—and Go Gamers, and other unnamed defendants (up to 2,000 "Doe" defendants) (altogether, the "defendants") in this Court (Filing No. 1 in Case No. 8:25CV95) and the District Court of Douglas County, Nebraska (the "state court") (Filing No. 1 in Case No. 8:25CV284), on February 17, 2025. The complaints in the two cases are essentially identical. In particular, Ashford sets forth over a dozen claims for relief arising from an allegedly defamatory Google review left by Thompson. Alphabet and Google removed (Filing No. 1-1 in Case No. 8:25CV284) Ashford's state-court complaint to this Court on April 16, 2025, based on the complete diversity between the parties. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), (b).

On June 20, 2025, the Court denied Ashford's requests for the recusal of "the entire panel of the United States District Court for the District of Nebraska" (Filing No. 8 in Case No. 8:25CV95, Filing No. 10 in Case No. 8:25CV284). In the meantime, the magistrate judge assigned to these cases addressed other motions filed by Ashford. The magistrate judge granted Ashford's Unopposed Motions to Extend (Filing No. 11 in Case No. 8:25CV95, Filing No. 13 in Case No. 8:25CV284) the deadline for him to serve the defendants in this case. He denied Ashford's Motions for Leave to supplement the record (Filing No. 13 in Case No. 8:25CV95, Filing No. 21 in Case No. 8:25CV284) on the merits and further denied his Motions for Extension of Time to File a Responsive Pleading (Filing No. 15 in Case No. 8:25CV95, Filing No. 29 in Case No. 8:25CV284) as moot.

The magistrate judge further recommended that the Court deny Ashford's Motions to Remand (Filing No. 9 in Case No. 8:25CV95, Filing No. 11 in Case No. 8:25CV284).

With respect to amendment, he recommended the Court allow Ashford to file his proposed amended complaint in Case No. 8:25CV95—the case that originated in this Court—but not Case No. 8:25CV284—the state-court case removed to this Court.

Ashford timely filed the present objections. He objects to several portions of the magistrate judge's Findings, Recommendation and Order as well as the Court's denial of his motion for recusal. With respect to nondispositive pretrial matters determined by the magistrate judge, the Court may reconsider a ruling if it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). As for the magistrate judge's findings and recommendations on dispositive matters, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).

Faithfully applying those standards, the Court finds Ashford's objections are without merit. The Court sees no error in the magistrate judge's cogent determinations and accepts them fully.

What's more, no procedure or statute permits Ashford to file an objection to this Court's ruling on his recusal motions. To the extent he seeks reconsideration of that decision, that request is also denied. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (explaining a generic motion for reconsideration is commonly construed as either a Federal Rule of Civil Procedure "59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment"); *K.C.1986 Ltd. Part. v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995)). Having reviewed Ashford's arguments, the Court sees no reason to depart from its reasoned determination that recusal was not required under these circumstances.

That aside, a common theme in Ashford's filings is that the defendant's removal of his state-court complaint was wrongful, and that he should be permitted to proceed contemporaneously on two identical cases in this Court and in state court. On that basis, Ashford has moved for the dismissal of Case No. 8:25CV284. He has also curiously filed a motion for remand in Case No. 8:25CV95, which originated in this Court.

As the magistrate judge aptly explained, "[t]hat the state and federal courts have concurrent jurisdiction over an action does not defeat a defendant's right to removal." 32A Am. Jur. 2d Federal Courts § 1289. A "plaintiff is the master of" their complaint and may choose to file in either state or federal court when their "claims give rise to concurrent jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). "But if the plaintiff elects state court, the defendant then has the option of removing the case from state court to federal court." *Id*. In other words, "[r]emoval is a 'statutory right'" that gives "defendants a choice of forum between two courts" that both have subject-matter jurisdiction over the plaintiff's claims. *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1054-55 (8th Cir. 2020) (quoting *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)).

While the Court does not agree with Ashford that the removal of Case No. 8:25CV284 was wrongful, it does agree with him that it makes these matters duplicative. "[T]he rule against duplicative litigation seeks to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter." *Kezhaya v. City of Belle Plaine, Minn.*, 78 F.4th 1045, 1050 (8th Cir. 2023). Dismissal of a subsequently filed action is usually appropriate "while the first action remains pending" if "the parties to the actions are the same and [] the claims arise from the same nucleus of operative fact." *Id.*

That rule warrants the dismissal of the Ashford's complaint in Case No. 8:25CV284. It would further warrant the dismissal of any later removed cases Ashford seeks to file in the future pursuant to his belief that he has a right to maintain identical cases in federal and state court at the same time. Ashford is warned that the filing of such duplicative litigation

4

is grounds for sanctions. *See id.* at 1051; *Vallego v. Amgen, Inc.*, 903 F.3d 733, 749-50 (8th Cir. 2018) (affirming the district court's imposition of sanctions where the party "attempts to relitigate already decided issues . . . unreasonably and vexatiously multiplied the proceedings").

On a similar note, Ashford's more-recent Motion for Remand filed in Case No. 8:25CV95 (Filing No. 22) is denied. Ashford already sought to remand these cases a few months ago. And, as the magistrate judge stated then, "this [C]ourt cannot remand a case that originated in federal court." *See Levin v. Com. Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court.").

Finally, the Court will permit Ashford to file his new Second Amended Complaint in Case No. 8:25CV95 (Filing No. 21-1). *See* Fed. R. Civ. P. 15(a)(2). "Leave to amend a complaint should be freely given to promote justice." *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022). Ashford asserts he seeks leave to file the present Second Amended Complaint to streamline his allegations and correct the names of the corporate defendants. At this stage, there is no obvious reason to prohibit Ashford from amending his complaint, though the Court has some reservations about the accuracy of his identification of the corporate defendants. *See Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022) (stating courts may deny "a motion for leave to amend when there are 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment'" (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005))). Thus,

   IT IS ORDERED:
1. Plaintiffs Timothy L. Ashford and Timothy L. Ashford, P.C.L.L.O.'s "Statement of Objections to Magistrate Judge's Order" (Filing No. 19 in Case No. 8:25CV95) is overruled. To the extent Ashford seeks reconsideration of the Court's Memorandum and Order (Filing No. 17 in Case No. 8:25CV95,

Filing No. 32 in Case No. 8:25CV284) denying his Motions for Recusal (Filing No. 8 in Case No. 8:25CV95, Filing No. 10 in Case No. 8:25CV284), the request is denied.

2. The magistrate judge's findings and recommendations (Filing No. 18 in Case No. 8:25CV95, Filing No. 33 in Case No. 8:25CV284) are accepted except as they relate to Ashford's Motion to Amend (Filing No. 10 in Case No. 8:25CV95), which has since been supplanted. The magistrate judge's order on the nondispositive matters is affirmed.

3. Ashford's Motions to Remand (Filing No. 9 in Case No. 8:25CV95, Filing No. 11 in Case No. 8:25CV284) are denied.

4. Ashford's Motions to Dismiss Duplicate Filing (Filing No. 14 in Case No. 8:25CV95, Filing No. 23 in Case No. 8:25CV284) are granted in part and denied in part. The complaint in Case No. 8:25CV284 is dismissed as duplicative of the claims presented in Case No. 8:25CV95. His motion is denied in all other respects. A separate judgment will issue.

5. Ashford's Motion to Amend the Complaint in that case (Filing No. 12 in Case No. 8:25CV284) and defendants Google, Inc., and Alphabet, Inc.'s Motion to Dismiss (Filing No. 15 in Case No. 8:25CV284) are denied as moot.

6. Ashford's Amended Motion to Amend the Complaint (Filing No. 21 in Case No. 8:25CV95) is granted. Ashford may file the proposed Second Amended Complaint (Filing No. 21-1 in Case No. 8:25CV95) on or before August 18, 2025. He must serve the defendants in this case on or before September 8, 2025.

7. Ashford's earlier Motion to Amend the Complaint (Filing No. 10 in Case No. 8:25CV95) is denied as moot.

8. Ashford's Motion for Remand (Filing No. 22 in Case No. 8:25CV95) is denied.

Dated this 4th day of August 2025.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge