IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, P.C.L.L.O., | |
| | **8:25CV95** |
| Plaintiffs, | |
| | |
| vs. | **ORDER** |
| | |
| GOOGLE, INC., ALPHABET, INC., ROSES ROSES, GO GAMERS, JOHN DOES, 1-1000, and JANE DOES, 1-1000, | |
| | |
| Defendants. | |

This matter comes before the court on Plaintiffs' Motion for Leave to File a Third Amended Complaint. (Filing No. 40). For the following reasons, the motion is denied.

## I.    BACKGROUND

Plaintiffs filed their complaint in this court on February 17, 2025 at Case No. 8:25-cv-95. (Filing No. 1). On the same day, Plaintiffs filed the same complaint in the Douglas County District Court for the State of Nebraska at CI 25-1226. Defendants removed that state court case on March 16, 2025, on the basis of diversity jurisdiction, and it was assigned Case No. 8:25cv284 (hereinafter the "removed state court case"). Once Defendants removed the state court matter to this court, the state district court was divested of jurisdiction. *See Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992) ("The district court gained jurisdiction when [removing parties] properly removed the case to federal court . . . After removal, only the federal district court could restore jurisdiction to

the state courts"). This court previously ruled that removal was proper and will not again address Plaintiffs' arguments that the removal was fraudulent, dilatory, or made in bad faith. (See Filing No. 18, Filing No. 23, Filing No. 55).

On May 14, 2025, Defendants filed a timely motion to dismiss the removed state court case as duplicative to the federal case. (Case No. 8:25-cv-284, Filing No. 15). On August 4, 2025, the court dismissed the removed state court case, holding:

> While the Court does not agree with Ashford that the removal of Case No. 8:25CV284 was wrongful, it does agree with him that it makes these matters duplicative. "[T]he rule against duplicative litigation seeks to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter." *Kezhaya v. City of Belle Plaine, Minn.*, 78 F.4th 1045, 1050 (8th Cir. 2023). Dismissal of a subsequently filed action is usually appropriate "while the first action remains pending" if "the parties to the actions are the same and [] the claims arise from the same nucleus of operative fact." *Id.*

(Case No. 8:25-cv-284, Filing No. 34). The removed state court case was dismissed by the federal court, a judgment was entered, and Plaintiffs did not appeal that judgment, therefore the state court lacks jurisdiction, and no further action can be taken in this court at Case No. 8:25-cv-284 or the state court case at CI 25-1226. Although this has been the case since August 2025, Plaintiffs continue to argue that the removed state court case was fraudulently removed, and that CI 25-1226 remains open and "stayed" in state court.

For the purposes of the claims asserted here, the only remaining open matter is the present one, Case No. 8:25-cv-95, in which Plaintiffs originated the action in federal court. On February 15, 2025, prior to serving any defendants, they filed an Amended Complaint as of right. (Filing No. 3). On May 14, 2025, Plaintiffs moved to amend (Filing No. 10), which was granted by the court. (Filing No. 18; *see also* Filing No. 23, Memorandum and Order adopting the undersigned's recommendations). Plaintiffs did not file an amended pleading at the time and instead filed a motion to amend a second time on July 9, 2025. (Filing No. 21). Although that motion was granted, the district court noted that "Ashford asserts he seeks leave to file the present Second Amended Complaint to streamline his

allegations and correct the names of the corporate defendants. At this stage, there is no obvious reason to prohibit Ashford from amending his complaint, though the Court has some reservations about the accuracy of his identification of the corporate defendants." (Filing No. 23). Plaintiffs filed their Second Amended Complaint on August 17, 2025. (Filing No. 24). Notably, Plaintiffs specifically asserted grounds for diversity jurisdiction under 28 U.S.C. § 1332 in their original Complaint and First Amended Complaint. (Filing No. 1, at para. 17-18, Filing No. 3, at para. 17-18) (asserting that Plaintiffs and Defendants are residents of different states and that the amount in controversy exceeds $75,000). In the Second Amended Complaint, however, Plaintiffs removed all reference to federal law and any mention of damages.

On September 22, 2025, Plaintiffs again moved to amend, which was denied for failure to clearly identify the proposed amendments pursuant to this court's local rules. (Filing No. 36, Filing No. 37). On September 30, 2025, Plaintiffs then refiled the motion in accordance with those rules and now seek leave to file a Third Amended Complaint. (Filing No. 40). First, Plaintiffs state they seek to change the name of Google, LLC to the correct name of Google LLC in the case caption. (Filing No. 40, at para. 8). Plaintiffs also seek to add the following paragraphs:

171. The Google self-serving terms of service are forced on Plaintiff.

172. Plaintiff does not want to participate in the Google Business Profile and he can not opt out.

173. Plaintiff is forced to participate in the Google Business Profile because the Plaintiff can not opt out of the Google Business Profile.

174. The Defendant's disputed or disputable statement in a civil lawsuit is a question for the jury to decide.

175. The statement by Thompson is not a verifiable fact which is a disputable issue and a jury question.

176. Plaintiff seeks to block the Google Business Profile from profiling Plaintiff.

177. Plaintiff is not bound by the Google terms of service which have been breached by Google.

3

178. Google owes a duty to prevent criminal activity from taking place on their site which was the extortion attempt of the co-defendants.

179. Google removed the defamatory statement only after the significant damages caused by the Defendants Google LLC publishing the defamatory statement from non-client non-attorney Roses Roses aka Rose Thompson from 3/20/19 until sometime after 1/8/24 for a total of 1,755 days or 4 years, 9 months and 19 days.

(Filing No. 40).

Throughout the motion, Plaintiffs again takes issue with the court's dismissal of the duplicate case filed at 8:25-cv-284 and asserts that the stay in the state court case will soon be lifted and again actively litigated. They also make several assertions that once the "stay" is lifted in state court, they intend to proceed in state court only and all proceedings in this court will be terminated. (Filing No. 40, at para. 36). Plaintiffs also generally argue that Defendants Google LLC and Alphabet Inc. were served five times and never filed an answer in either state court or this case. Finally, Plaintiffs argue that because the Second Amended Complaint does not specify an amount of damages over $75,000, this court now lacks subject matter jurisdiction. (Filing No. 40, at para. 4-7, 15).

Beyond those allegations and their desire to amend the case caption, Plaintiffs provide little argument as to why a Third Amended Complaint is necessary. In fact, Plaintiffs only state in its motion that the "Third Amended Complaint, if necessary, will start at page 1 on the first page of the complaint… The additions to the Third Amended Complaint are in bold and underlined…The Plaintiff will request a Fourth Amended complaint if necessary." (Filing No. 40, at p. 5).

## II.    ANALYSIS

Defendants oppose the motion for two reasons. First, they argue that the proposed amendments are futile as they do not "even purport to address – much less attempt to cure – the numerous legal deficiencies Google identified it its pending motion to dismiss." (Filing No. 44, at p. 2). Second, they claim they will be prejudiced by the amendment because they have expended substantial resources in relation to their motion to dismiss and

a Third Amended Complaint would needlessly delay resolution of that motion. Because the court agrees that the amendment is futile, it will deny the motion on those grounds. The court will first address Defendants' arguments, but does believe some response to Plaintiffs' additional arguments are warranted.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Although this is a liberal standard, parties do not have an absolute right to amend their pleadings at any time. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A timely motion to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1015 (8th Cir. 2015) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *See Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994). Good cause exists to deny a motion to amend when the new complaint adds neither new parties nor new claims. *Viehweg v. Mello*, 5 F. Supp. 2d 752, 756 (E.D. Mo. 1998), aff'd, 198 F.3d 252 (8th Cir. 1999). A district court's denial of leave to amend a complaint may also be justified if the amendment would be futile. *Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013). "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (citations omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court also need not accept a pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021).

Upon review of the proposed Third Amended Complaint, Plaintiffs seek to add paragraphs 136 through 144, which primarily discuss Google's terms of service and Plaintiffs' participation in Google Business Profile. (Filing No. 40, at p. 24-25). Again, Defendants argue that the addition of these nine paragraphs does not cure the deficiencies identified in their pending Motion to Dismiss. (Filing No. 32). The court agrees. In the motion to dismiss, Defendants raise several issues with Plaintiffs' Second Amended Complaint. Specifically, they argue that Plaintiffs' claims fail as a matter of law because Defendants Google LLC and Alphabet Inc. cannot be held liable under Section 230 of the Communication Decency Act ("CDA"). They also argue that Plaintiffs claims are time-barred, are not actionable as defamation, are barred by the doctrine of collateral estoppel, and fail to sufficiently claim key elements to support a claim for promissory estoppel based on the plain reading of the pleading. (Filing No. 33).

While the court will not address the merits of the pending motion to dismiss as that matter has not been referred to the undersigned, it does seem clear that the newly added paragraphs do little, if anything, to substantively address the arguments raised in that motion. At most, Plaintiffs attempt to include additional factual statements regarding Google's terms of service and their participation in the "Google Business Profile." They do not seek to add new legal theories, claims or parties. *See Viehweg,* 5 F. Supp. 2d at 756 (denying motion for leave to amend in part because "the second amended complaint adds neither new parties nor new claims. Thus, denial of leave to amend would not cause him to forfeit any claim"); *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1005 (8th Cir.1996) (district court did not abuse its discretion in denying party leave to amend complaint to add count which would not have stated cause of action). Again, Plaintiffs have not provided any argument to support their requested amendment, other than that they intended to file it "if necessary." (Filing No. 40, at p. 5). There is no prejudice to Plaintiffs because the proposed amendments do not materially change the claims in this matter.

6

The Defendants, on the other hand, argue prejudice because they have expended significant resources in moving to dismiss the Second Amended Complaint, which is now fully briefed and pending resolution. Plaintiffs have now been given leave twice to amend their complaint, and the court sees no reason why the proposed Third Amended Complaint should be authorized. See *Bell v. Gross*, No. 5:21-CV-05032-RAL, 2021 WL 3089253, at *1 (D.S.D. July 21, 2021) (denying motion for leave to amend because the "amended complaint reiterate[s] the same allegations in [the] original complaint"). Because the court finds that amendments in the Third Amended Complaint are futile, the Second Amended Complaint will remain the operative pleading, and Defendants' Motion to Dismiss (Filing No. 32) remains pending. Accordingly, Plaintiff's motion to amend is denied.

Plaintiffs also make several assertions in their motion that Defendants Google LLC and Alphabet Inc. were served five times in this matter and in the removed state court case and failed to answer in any case. (Filing No. 40, at para. 25-27, 43-44). While it is true the Defendants have not yet filed an "answer" in any of these cases, Defendants have filed motions to dismiss in response to Plaintiffs' complaint. (See Filing No. 32; Case No. 8:25-cv-284, Filing No. 15). A motion to dismiss is a proper responsive pleading. *See* Fed.R.Civ.P. 12(b). As previously discussed, that motion remains pending in this matter and will be addressed in due course and Defendants are not required to file an answer until that motion is resolved.

On a related topic, the court notes that not all of the named Defendants have been served. Summonses were issued for all Defendants as to the Second Amended Complaint on August 27, 2025. (Filing No. 27). To date, Plaintiffs have not filed any executed summons. Counsel for Defendants Google LLC and Alphabet Inc. voluntarily entered their appearance on September 2, 2025, and filed responsive pleadings. (Filing No. 29, Filing No. 30, Filing No. 31, Filing No. 32). No appearance has been made for Defendants Roses Roses a/k/a Rose Thompson or Go Gamers. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice

against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). More than 90 days has elapsed since the complaint was filed and therefore, Plaintiffs will be ordered to show cause why this matter should not be dismissed as to those two Defendants.

Before concluding, the court also cannot ignore Plaintiffs' argument that the court now lacks jurisdiction because the Second Amended Complaint and the proposed Third Amended Complaint both purposefully omit damages. But notably, Plaintiffs filed this matter in federal court. Federal diversity jurisdiction of course requires there to be an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). But to determine jurisdiction, courts look to the parties' status *at the time the lawsuit was filed*. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (emphasis added). Plaintiffs met the jurisdictional threshold at the time this case was filed because they affirmatively pled damages in excess of $75,000 and affirmatively represented that the court has subject matter jurisdiction. A later amendment reducing the amount in controversy will usually not defeat diversity jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, n.8 (2025) (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 292 (1938)).

Plaintiffs' motivations are not entirely clear. It could be that Plaintiffs believe that if this matter is dismissed for lack of jurisdiction, they can return to state court and somehow prevent removal again. Who knows, but what is clear is that Plaintiffs initiated this particular case in federal court and affirmatively represented in filings made with the court that subject matter jurisdiction existed, that there was and continues to be complete diversity, and that the amount in controversy exceeds $75,000. In doing so, Mr. Timothy Ashford, an attorney licensed in the State of Nebraska, signed the pleadings and thereby represented pursuant to Fed. R. Civ. P. 11(b) that: (1) the claims were "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims… are warranted by existing law…"; and (3)

that "the factual contentions have evidentiary support…." Fed. R. Civ. P. 11(b) (subjecting an attorney to potential sanctions if Rule 11(b) is violated). This court also previously found that it had subject matter jurisdiction in a companion case, Case No. 8:25-cv-284, which was properly removed.

Finally, the court notes that Plaintiffs seek to amend the case caption from "Google, LLC" and "Alphabet, Inc." to read "Google LLC" and "Alphabet Inc." The court agrees that Defendants have signed their pleadings without a comma included in the party's name and accordingly shall direct the clerk of the court to correct the caption.

For those reasons, IT IS ORDERED:

1. Plaintiffs' Motion for Leave to File a Third Amended Complaint (Filing No. 40) is denied.

2. The Clerk of the Court is directed to change the caption in this matter from "Google, LLC" and "Alphabet, Inc." to "Google LLC" and "Alphabet Inc."

3. Plaintiffs shall have until **December 10, 2025** to show cause why this case should not be dismissed as to Defendants Roses Roses a/k/a Rose Thompson and Go Gamers pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve. Failure to do so may result in dismissal of this action as to those defendants without further notice.

Dated this 26th day of November, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge