IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD and<br>TIMOTHY L. ASHFORD, P.C.L.L.O.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,  ALPHABET INC., ROSES ROSES, GO GAMERS,  JOHN DOES, 1-1000, and JANE DOES, 1-1000,<br><br>Defendants. | **8:25CV95**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiffs Timothy L. Ashford and Timothy L. Ashford P.C.L.L.O (together, "Ashford") allege Rose Thompson ("Thompson"), the relative of a former client, posted two negative reviews on Ashford's "Google Business Profile."  Upset by the reviews, Ashford sued the platform on which the reviews appeared, Google LLC and Alphabet, Inc. (together, "Google").  He also sued Thompson's online aliases, Roses Roses and Go Gamers, and up to 2,000 unnamed Doe defendants.

Ashford originally filed this action on February 17, 2025 (Filing No. 1).[1]  He amended his complaint once as a matter of right, *see* Fed. R. Civ. P. 15(a)(1) (Filing No. 3), and again with leave on August 17, 2025 (Filing No. 24).  More than five months have passed since Ashford filed his second amended complaint, but he has not served any of the defendants in this case.[2]  *See* Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action

---

[1]That same day, Ashford filed the same complaint in state court.  Google removed the state-court case to this Court, and the Court dismissed it as duplicative. *See Ashford v. Google, Inc.*, No. 8:25CV284, 2025 WL 2205920, at *1 (D. Neb. Aug. 4, 2025).

[2]Google voluntarily entered its appearance to resolve this matter (Filing Nos. 29, 30, 31) despite never being served (Filing No. 33).

without prejudice against that defendant or order that service be made within a specified time").

On November 26, 2025, the magistrate judge[3] ordered Ashford to show cause why the Court should not dismiss the claims against defendants Roses Roses and Go Gamers for failure to timely serve them under Rule 4(m) (Filing No. 56).  The magistrate judge set a deadline for December 10, 2025, and warned Ashford that failure to comply could result in dismissal of his claims against those defendants without further notice.  *See* 28 U.S.C. § 636(b)(1)(A), (B) (providing that a district judge "may designate a magistrate judge" to submit "findings of fact and recommendations" regarding involuntary dismissals).

While Ashford filed a "Motion show cause" (Filing No. 57) on the December 10th-deadline, the entire motion reads: "Comes [sic] now the Plaintiffs Timothy L. Ashford and Timothy L. Ashford, P.C., L.L.O. ("Plaintiffs") and files this Motion."  Ashford also filed an accompanying "brief" (Filing No. 57-1), but that document is identical to the "Motion." And although Ashford dubiously certified that a true and correct copy of this blank "Motion" was mailed by United States first-class mail to Roses Roses, Go Gamers, and John and Jane Does 1-1000 on December 12, 2025—a date which had not yet occurred— he did not certify that the amended complaint, summons, or any other document was served.

In line with his warning, the magistrate judge issued a Findings and Recommendation (Filing No. 60), recommending that Ashford's claims against Roses Roses and Go Gamers be dismissed for want of prosecution without further notice.  *See* Fed R. Civ. P. 41(b) (providing for dismissal for "fail[ure] to prosecute or to comply with these rules or a court order"); NECivR 41.2 (same).

---

[3]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

2

This matter is now before the Court on Ashford's objections (Filing No. 61) to the Findings and Recommendation.[4]  When a party timely objects to a magistrate judge's findings and recommendation, the Court reviews de novo "those portions of the . . . specified proposed findings or recommendations to which" the party objects.  28 U.S.C. § 636(b)(1)(C).  To invoke de novo review, Ashford "must specify (1) the parts of the order or findings and recommendations to which [he] objects and (2) the legal basis of the objections."  NECivR 72.2(a); *see also Branch v. Martin*, 886 F.2d 1043, 1046 (noting that the "plaintiff's objections to the magistrate's factual conclusions objections were timely filed and specific enough to trigger de novo review").

Ashford explains (Filing No. 61-1) that he did not respond by the show-cause deadline because the Public Access to Court Electronic Records database ("PACER") "locked [him] out after [he] was in the middle of filing on December 10, 2023 [sic] which is good cause."  He claims he spent "two hours with Pacer on December 18, 2025" and "1 hour and 45 minutes with Pacer to attempt to correct the system on December 23, 2025"— long after the show-cause deadline came and went.  According to Ashford, PACER "informed [him] that [he] should not use Google Chrome in the future to access the federal court."

---

[4]As an initial matter, Ashford fails to establish that online usernames are proper defendants to this suit, particularly when Ashford knows (at least, "upon information and belief") the identity of the person behind them.  *See* Fed. R. Civ. P. 10(a) (requiring that a complaint "include the names of all parties"); Fed. R. Civ. P. 17(b) (explaining how the capacity to be sued is determined for (1) individuals, (2) corporations, and (3) partnerships or other unincorporated associations).  Just as suits against a "doing business as" designation are merely descriptive of the person or entity operating under the name, an alias or username likewise does not create a party independent from the real person behind it.  *See, e.g., Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd*, 578 F.2d 721 (8th Cir. 1978).  In any event, the Court need not get into the weeds on this issue because Ashford failed to serve either the defendants identified by the usernames or Thompson.

Ashford also unpersuasively contends that "good cause" exists for an extension of time to serve the defendants simply because Google removed his state-court action to federal court.  He argues the Court "caused" his delay in serving Roses Roses and Go Gamers by dismissing his duplicate case on August 4, 2025.  These arguments are unavailing.  The Court's August dismissal of a separate case is not "good cause" for Ashford's failure to serve any defendants in *this* case for more than five months, nor does it explain Ashford's abject failure to comply with the magistrate judge's November show-cause order.

Ashford also faults the Court's "refus[al] to sanction the Google attorney" for removing his other case to federal court and accuses the Court of being prejudiced against him.  He asks for a 90-day extension of time to serve Roses Roses and Go Gamers.  In the alternative, he argues the Court lacks jurisdiction over this case and must dismiss it.[5]

Having carefully considered the facts of this case and Ashford's arguments, the Court finds he has not shown good cause for an extension of time to effect service.  *See Kurka v. Iowa County*, 628 F.3d 953 (8th Cir. 2010) (explaining that a "showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules."  (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996))).  Whether good cause exists "is largely dependent on the facts of each individual case" and "is entrusted to the sound and considerable discretion of the district court[.]"  *Id.* (quoting *Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 613 (8th Cir. 2003) (per curiam) (unpublished)).

To date, Ashford has not shown any efforts made to serve Roses Roses or Go Gamers.  His December-10th struggles with PACER do not establish a "reasonable basis" for why he has not complied with Rule 4(m) in the five months since he filed his second

---

[5]The magistrate judge previously rejected this jurisdictional argument (Filing No. 56).

amended complaint.  *See Adams*, 74 F.3d at 887.  Ashford does not need a PACER account to serve a defendant, and he has successfully filed many documents on this Court's docket.

After "mak[ing] a de novo determination of those portions of the report" to which Ashford objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court overrules his objections. Ashford's failure to prosecute his case against Roses Roses and Go Gamers and his disregard for the show-cause order warrant dismissal with prejudice, especially in view of his obligations as an officer of the court.  *See Peaster v. Spinnaker Ins. Co.*, No. 23-1419, 2024 WL 488543, at *1-2 (8th Cir. Feb. 8, 2024) (affirming dismissal with prejudice due to the plaintiff's "failure to follow the court's orders"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) (upholding a prejudicial dismissal for failure to prosecute and explaining the Court "has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for failure to prosecute").  Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 60) is accepted.

2. Plaintiffs Timothy L. Ashford and Timothy L. Ashford P.C.L.L.O's objections (Filing No. 61) are overruled.

3. The claims against defendants Roses Roses and Go Gamers are dismissed with prejudice.

Dated this 30th day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5