IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD and<br>TIMOTHY L. ASHFORD, P.C.L.L.O., | **8:25CV95** |
| Plaintiffs, | |
| v. | **ORDER** |
| GOOGLE LLC, ALPHABET INC., JOHN<br>DOES, 1-1000, and JANE DOES, 1-1000, | |
| Defendants. | |

This matter is before the Court on plaintiffs Timothy L. Ashford and Timothy L. Ashford, P.C.L.L.O.'s (together, "Ashford") Motion to Alter or Amend Judgment (Filing No. 65) pursuant to Federal Rule of Civil Procedure 59(e).[1] Ashford not only requests "that the Court amend the judgment to reverse their order granting summary judgment to the defendants"[2] but also seeks to relitigate every adverse ruling made along the way. He continues to argue this Court lacked jurisdiction and defendants Google LLC and Alphabet Inc. should have been sanctioned for removing this case from state to federal court.

Though Rule 59(e) motions to alter or amend are disfavored, district courts retain "broad discretion in determining whether to grant them. *Ryan v. Ryan*, 889 F.3d 499, 507-08 (8th Cir. 2018) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)). Such motions are not a simple opportunity for a do over. They serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (quoting *Ryan*, 889 F.3d

---

[1]Ashford has also filed a "reply motion" to alter or amend judgment under Rule 59(e) (Filing No. 67) which adds nothing to the analysis.

[2]Ashford repeatedly refers to the Court "granting summary judgment." To be clear, the Court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), not summary judgment.

at 507).  Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *Id.*

Ashford summarily claims his motions are based on "grounds of clear errors or law, clear errors of fact and manifest injustice."  (Filing Nos. 65-1, 68).  In reality, they are nothing more than an attempt to "relitigate old matters" he has already lost.  *Exxon Ship. Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (explaining that is not the purpose of Rule 59(e)).  Having thoroughly reviewed Ashford's motions and the parties' submissions, the Court finds Ashford has failed to present adequate grounds to warrant reconsideration. The Court carefully considered and rejected all Ashford's arguments in its previous decisions (Filing Nos. 63, 62, 23, 60, 56, 17).  As such, the plaintiffs' Motion to Alter or Amend Judgment (Filing No. 65) and "Reply Motion" (Filing No 67) are denied.

IT IS SO ORDERED.

Dated this 25th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2